UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DMITRIY KRASNIKOV,

    PLAINTIFF,

vs.

SWIMLANE, INC.,
a Foreign Profit Corporation,

    DEFENDANT.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DMITRIY KRASNIKOV ("Mr. Krasnikov" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, SWIMLANE, INC. ("Defendant" or "SLI") and alleges the following:

1. Plaintiff brings these claims for age discrimination against SLI for its disparate and unlawful treatment of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and the actions giving rise to this lawsuit occurred in Broward County, Florida.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as do his ADEA claims.

4. Plaintiff is, and at all times material was, a resident of Broward County,

Florida, and worked for Defendant remotely in Davie, Broward County, Florida.

5. Venue is therefore proper in the Fort Lauderdale Division of the Southern District of Florida.

**PARTIES**

6. Plaintiff, who is an adult male and fifty-eight (58) years of age, is protected by the ADEA and the FCRA because:

   a. He suffered discrimination by Defendant on the basis of his age; and

   b. He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on his age, including being terminated for same.

7. Mr. Krasnikov worked for SLI, most recently as a Director of Software Architecture, from April of 2015 until his termination on or about November 11, 2022.

8. Defendant was at all material times an "employer" as defined by the ADEA and the FCRA, as it employed in excess of twenty (20) employees.

9. Plaintiff was at all material times an "employee" as defined by the ADEA and the FCRA.

10. Defendant is a foreign profit corporation organized under the laws of the State of Delaware that is registered to do business in the State of Florida, including, among other places, Broward County, Florida.

**CONDITIONS PRECEDENT**

11. On or about April 12, 2023, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

12. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed his Charge of Discrimination.

13. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

14. On or about February 8, 2024, Plaintiff received a "Determination and Notice of Rights" from the EEOC in which the EEOC stated that it "will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute."

15. The aforementioned "Determination and Notice of Rights" continued, "[t]his is official notice from the EEOC of the dismissal of your charge and of your right to sue," and "[y]our right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days."

16. Plaintiff timely files this lawsuit within the applicable period(s) of limitations against Defendant, and has complied with all administrative prerequisites.

17. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

18. At all times material, Plaintiff was a fifty (50) and, eventually, a fifty-seven (57) year old man who worked for Defendant.

19. During his years with SLI, Mr. Krasnikov provided loyal service to SLI and its customers.

20. In late October of 2022, SLI hired another Director of Architecture, who at thirty-seven (37) years of age was significantly younger than Mr. Krasnikov.

21. Approximately three (3) weeks later, on or about November 11, 2022, SLI informed Mr. Krasnikov that it had decided to terminate his employment, effective immediately.

22. SLI attempted to characterize this extreme adverse employment action against Mr. Krasnikov as a "restructuring" whereby his position was somehow eliminated.

23. However, the position was not eliminated.

24. Instead, the recently hired thirty-seven (37) year old filled the Architect role.

25. Plaintiff was fired for no reason other than his comparatively advanced age.

26. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for younger, less-qualified employees.

27. Defendant did not have a legitimate, non-discriminatory, reason for mistreating and terminating Plaintiff.

28. But for Plaintiff's age, Defendant would not have treated Plaintiff as it did, or terminated his employment.

29. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

30. As a result of Defendant's discrimination based on age, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages.

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- AGE DISCRIMINATION UNDER THE ADEA**

32. Plaintiff realleges and readopts the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

33. Plaintiff was over forty (40) years old when he was terminated.

34. Plaintiff was not terminated for cause.

35. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

36. Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for obsessing over young employees, or for terminating Plaintiff.

37. Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

38. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

39. Plaintiff was mistreated and fired only because of his age, and would not have been mistreated or fired but for his age.

40. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

41. Defendant had no good faith basis for mistreating and terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

42. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

43. Prior to terminating Plaintiff, Defendant did not consult with the EEOC,

5

Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

44. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

45. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

46. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

47. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

48. Provide any additional relief that this Court deems just and proper.

### COUNT II – AGE DISCRIMINATION UNDER THE FCRA

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

50. Plaintiff was over forty (40) years old when he was terminated.

51. Plaintiff was not terminated for cause.

52. Plaintiff was discriminated against based on his age.

53. Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for obsessing over younger employees, or for terminating Plaintiff's employment.

54. Plaintiff was replaced by an individual who was substantially younger than

Plaintiff.

55. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

57. The discrimination to which Plaintiff was subjected was based on his age.

58. Plaintiff was mistreated and fired only because of his age, and would not have been mistreated or fired but for his age.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

63. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

64. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

65. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

66. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

67. Provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 2nd day of April, 2024.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*